UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE A. REYES RAMOS,

    Petitioner,

v.                                                               Case No.:   2:22-cv-419-SPC-NPM

SECRETARY, FLORIDA
DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## OPINION AND ORDER

    Before the Court is Jose A. Reyes Ramos's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1).  Ramos challenges a 2016 conviction and 25-year prison sentence for lewd or lascivious molestation.  Respondent argues the petition is untimely.  (*See* Doc. 15).  The Court agrees

    28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, sets a one-year period of limitation on the filing of a habeas petition by a person in state custody.  This limitation period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application

> (C)     created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ramos does not allege, nor does it appear from the pleadings or the record, that the statutory triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Ramos's conviction became final. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

The State of Florida charged Ramos with three counts of lewd or lascivious molestation on October 27, 2015. (Doc. 15-2 at 8). A jury found Ramos guilty on all counts. (*Id.* at 13). The trial court sentenced Ramos to 25 years' imprisonment and entered judgment on December 8, 2016. (*Id.* at 24). Ramos appealed, and the Second District Court of Appeal of Florida (2nd DCA) affirmed on June 29, 2018. *Ramos v. State*, 247 So. 3d 719 (Fla. 2nd. Dist. Ct. App. 2018). The conviction and sentence became final 90 days later, when the time to petition the United States Supreme Court for certiorari expired. *See*

*Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 617 (11th Cir. 2019). The limitations period commenced on September 27, 2018, and ran for 104 days.

On January 9, 2019, Ramos filed a state postconviction motion under Florida Rule of Criminal Procedure 3.850. (Doc. 15-2 at 222). The state postconviction court denied the motion on September 1, 2020. (*Id.* at 286). Ramos did not timely appeal, so the AEDPA limitations period remained tolled until October 1, 2020, the deadline to file a notice of appeal. *See* Fla. R. Crim. P. 9.110(b).

The limitations period then ran for 35 days, until November 5, 2020, when Ramos constructively filed a motion for a belated appeal with the 2nd DCA. (*Id.* at 354); *see Moore v. Crosby*, 321 F.3d 1377, 1380-81 (11th Cir. 2003) (holding that a motion for a belated appeal does not relate back so as to toll the idle periods between the expiration of the time to appeal and the allowance of a belated appeal).[1] The 2nd DCA accepted and granted the motion, so it tolled the limitations period. *See Williams v. Crist*, 230 F. App'x 861, 867-68 (11th Cir. 2006). The limitations period remained tolled until the 2nd DCA issued its mandate on October 12, 2021. (Doc. 15-2 at 582). The limitations period

---

[1] Respondent incorrectly considered the 35-day period between expiration of the time to appeal and the filing of Ramos's motion for a belated appeal tolled, so its calculation of the end of the AEDPA limitations period is 35 days off.

3

then ran for another 226 days and expired on May 26, 2022. Ramos constructively filed his federal habeas petition on July 5, 2022. (Doc. 1).

Ramos raises two points in his Reply (Doc. 18). First, he incorrectly invokes the mailbox rule. Ramos argues his state postconviction motion should be considered filed on January 3, 2019, when he handed it over to prison officials for mailing to his attorney. Under the mailbox rule, courts consider a *pro se* prisoner's paper constructively filed on the date he delivers it to prison officials for mailing to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). But Ramos did not file his state postconviction motion *pro se*. Rather, he mailed the verified motion to his attorney on January 3, 2019. The mailbox rule did not apply, and the tolling period did not begin until his attorney filed the motion on January 9, 2019. And anyhow, a six-day difference would not make Ramos's habeas petition timely.

Ramos next argues the Court should equitably toll the limitations period from June 30, 2022, to July 5, 2022, because the July 4th weekend impaired his ability to send legal mail. This argument is futile because the AEDPA limitations period expired on May 26, 2022. The Court thus dismisses Ramos's petition as untimely.

## DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather,

4

a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Ramos has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is now

**ORDERED:**

Jose A. Reyes Ramos's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DISMISSED**. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 25, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

5